UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

BENJAMIN SCHRANK,
on behalf of himself and
similarly situated employees,

    Plaintiff,

v.

YES HOSPITALITY, LLC, a
Florida Limited Liability Company,
YES DREAM, LLC, a Florida
Limited Liability Company, and
RALPH PAGANO, an individual

    Defendants.
_____/

## **DEFENDANTS' NOTICE OF REMOVAL**

Defendants YES HOSPITALITY, LLC, YES DREAM, LLC and RALPH PAGANO, by and through their undersigned counsel, pursuant to 28 U.S.C. § 1441(a), hereby remove to this Court the cause of action currently pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida styled *Benjamin Schrank, on behalf of himself and similarly situated employees v. Yes Hospitality, LLC Yes Dream, LLC and Ralph Pagano*, CASE NO. 2017006048 CA-01, and say:

### **Introduction**

1.    Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 because Plaintiff's complaint arises under the laws of the United States.

2. This action was commended on or about March 28, 2017, when Plaintiff filed his complaint in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. A true and correct copy of Plaintiff's complaint is attached hereto as Exhibit "A."

3. The Clerk of Court issued summonses to each Defendant on January March 28, 2017. True and correct copies of the summonses are attached hereto as Composite Exhibit "B."

**Removal is Proper Because Plaintiff's Complaint Arises Under the Laws of the United States**

4. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 because Plaintiff's complaint purports to state a claim for unpaid overtime compensation against all Defendants under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

5. The Supreme Court has expressly held that a claim under the FLSA initially filed in state court is properly removable to federal court. *See Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691 (2003).

**Procedural Requirements**

6. This notice of removal is being properly filed in the Southern District of Florida, since this is the district court of the United States within which the state court action is pending. *See* 28 U.S.C. § 1446(a).

7. This notice of removal is being timely filed with this Court within thirty (30) days after the first-served Defendant was served with Plaintiff's complaint. *See* 28 U.S.C. § 1446(b).

8. A copy of this notice of removal is being filed with the state court where this action is pending and notice thereof is being given to all adverse parties "promptly after" the filing of the notice in this Court. *See* 28 U.S.C. § 1446(d).

9. Pursuant to 28 U.S.C. § 1446(a), attached hereto as Exhibit "A" is a true and correct copy of Plaintiff's complaint; attached hereto as composite Exhibit "B" are true and correct copies of the summonses which were issued to each Defendant.

### No Waiver of Defenses nor Admission of Plaintiff's Allegations

10. By filing this notice of removal, Defendants do not (a) waive any available defenses or (b) admit any of the allegations set forth in Plaintiff's complaint.

WHEREFORE, Defendants respectfully request that this Court exercise jurisdiction over this action.

Dated:  May 24, 2017           Respectfully submitted,

*s/ Michael Sacks*
MICHAEL SACKS, ESQ.
Florida Bar No. 0065625
E-Mail: msacks@bellsouth.net
7210 Wisteria Ave.
Parkland, FL  33076
Tel:  (954) 445-2527
Counsel for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on May 24, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List below via transmission of Notices of Electronic Filing generated by CM/ECF and Via E-Mail.


*s/ Michael J. Sacks*
MICHAEL J. SACKS, ESQ.


## SERVICE LIST

*SCHRANK v. YES DREAM., et al.*
Case No. _____
United States District Court, Southern District of Florida

| Jason Remer, Esq.<br>Remer & Georges<br>44 West Flagler Street Suite 2200<br>Miami, FL  33130<br><br>Tel:   (305)416-5000<br>Fax:  (305)416-5005<br>Counsel for Plaintiff<br>*Via E-Mail* | Michael J. Sacks, Esq.<br>E-Mail: msacks@bellsouth.net<br>7210 Wisteria Ave.<br>Parkland, FL 33076<br>Tel:    (954)445-2527<br>Counsel for Defendants<br>*Via CM/ECF* |

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA.

Case No. 2017-000048-CA-01

BENJAMIN SCHRANK
and other similarly situated
non-exempt employees,

    Plaintiff(s),

vs.

YES HOSPITALITY, LLC
a Florida Limited Liability Company,
YES DREAM, LLC
a Foreign Limited Liability Company and
RALPH PAGANO, Individually,

    Defendant(s).

_____/

## COMPLAINT

(OPT-IN PURSUANT TO 29 U.S.C § 216(B))

COMES NOW, the Plaintiff, BENJAMIN SCHRANK ("Plaintiff"), by and through undersigned counsel, hereby files this Complaint against Defendants, YES HOSPITALITY, LLC a Florida Limited Liability Company, YES DREAM, LLC a Foreign Limited Liability Company and RALPH PAGANO, Individually (collectively the "Defendants") and states as follows:

## JURISDICTION

1. This is an action by the Plaintiff and other similarly-situated non-exempt employees for damages exceeding $15,000 excluding attorneys' fees or costs pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid overtime and/or minimum wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorneys' fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

3. Plaintiff was at all times relevant to this action, and continues to be, a resident of Miami Dade County Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FLSA.

4. Defendant, YES HOSPITALITY, LLC, having its main place of business in Miami Dade County, Florida, where Plaintiff worked for Defendant and at all times material hereto was and is engaged in interstate commerce.

5. Defendant, YES DREAM, LLC, having its main place of business in Miami Dade County, Florida, where Plaintiff worked for Defendant and at all times material hereto was and is engaged in interstate commerce

6. Defendant, RALPH PAGANO, is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, YES HOSPITALITY, LLC and YES DREAM, LLC.

7. Venue is proper in Miami Dade County because all of the actions that form the basis of this Complaint occurred within Miami Dade County and payment was due in Miami Dade County.

8. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

9. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

10. Plaintiff, BENJAMIN SCHRANK, was employed with Defendant as a non-exempt Chef from approximately April 2015 through on or about July 8, 2016.

11. At all times material hereto, Plaintiff and Defendants were engaged in an implied agreement whereby Plaintiff would be employed by Defendants and that Plaintiff would be properly paid as provided for by, and not in violation of, the laws of the United States and the State of Florida.

12. Defendant failed to compensate Plaintiff the required overtime and/or minimum wages at a rate of one and a half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) within a single work week.

13. During the relevant time period Plaintiff BENJAMIN SCHRANK performed approximately thirty five (35) hours of overtime each week for which Defendants failed to pay Plaintiff at half times his regular rate of pay.

14. At all times material hereto Defendant had or should have had full knowledge of all hours worked by Plaintiff, including those hours worked by Plaintiff in excess of forty (40) in a given week.

15. During the relevant time period, Plaintiff was paid a salary of one thousand two hundred dollars ($1,200.0) for hours worked weekly.

16. From on or about April 2015 through on or about July 8, 2016, Plaintiff BENJAMIN SCHRANK's half-time rate is $8.00 [$16.00 (hourly rate) (x) 1.5=$24.00-$16.00=$8.00 (half-time rate)]. Plaintiff is seeking this rate for each of Plaintiff's approximate thirty five (35) hours of overtime weekly.

17. As such from on or about April 2015 through on or about July 8, 2016, Plaintiff is owed approximately $18,480.00 [$8.00 (half-time rate) (x) 35 (hours of overtime) (x) 66 weeks in unliquidated overtime wages).

18. Therefore, from on or about March 2013 through March 2016, Plaintiff is owed approximately $18,480.00 in unpaid **unliquidated** overtime wages, plus an additional equal amount as **liquidated** damages, totaling $36,960.00

19. Plaintiff claims there are other similarly situated current and former non-exempt employees working, or previously working, for Defendants/Defendant.

20. Plaintiff and other similarly-situated current and former non-exempt employees performed similarly duties for Defendants/Defendant and were subject to similar policies as to compensation.

21. Plaintiff and other similarly-situated current and former non-exempt employees of Defendants/Defendant would benefit from joining this collective action alleged herein.

**COUNT I**
*Wage & Hour Federal Statutory Violation Against*
**YES HOSPITALITY, LLC**

22. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-21 of this complaint as if set out in full herein.

23. This action is brought by Plaintiff and other similarly-situated non-exempt employees to recover from Defendant unpaid overtime and/or minimum wages compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207.

24. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees... for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

25. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

26. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

27. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

28. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s); Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

29. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

30. At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq.* in that Plaintiff performed services and

worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

31. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime and/or minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

32. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and/or minimum wages.

WHEREFORE, Plaintiffs respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime and/or minimum wages compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### Wage & Hour Federal Statutory Violation Against
### YES DREAM, LLC

33. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-21 of this complaint as if set out in full herein.

34. This action is brought by Plaintiff and other similarly-situated non-exempt employees to recover from Defendant unpaid overtime and/or minimum wages compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207.

35. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees..., for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

36. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

37. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

38. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

39. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

40. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

41. At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq.* in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

42. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime and/or minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

43. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and/or minimum wages.

WHEREFORE, Plaintiffs respectfully prays for the following relief against Defendant:

F. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

G. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime and/or minimum wages compensation for hours worked in excess of forty (40) weekly, with interest; and

H. Award Plaintiff an equal amount in double damages/liquidated damages; and

I. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

J. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
### Wage & Hour Federal Statutory Violation Against
### RALPH PAGANO
### (Non-Payment of Wages)

44. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 21 of this Complaint as if set out in full herein.

45. At the times mentioned, Defendant PAGANO was, and is now, a corporate officer of corporate Defendant

46. Defendant PAGANO was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that Defendant PAGANO acted directly in the interests of the corporate Defendant-employer in relation to the employees of the corporate Defendant-employer, including Plaintiff.

47. The FLSA defines the term "employer" broadly to include "both the employer for whom the employee directly works as well as 'any person acting directly or indirectly in the interests of an employer in relation to an employee.'"[1]

48. Based on this broad definition, Defendant PAGANO, in his status as a corporate officer with operational control of a Defendant-corporation's covered enterprise is an employer along with the Defendant-corporation, jointly and severally liable under the FLSA for unpaid wages."[2]

49. Defendant PAGANO willfully and intentionally refused to properly pay Plaintiff wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant PAGANO:

A. Adjudge and decree that Defendant PAGANO has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Adjudge and decree that Defendant PAGANO is an individual with operational control and is, thus, jointly and severally liable under the FLSA for unpaid wages at issue;

C. Award Plaintiff actual damages in the amount shown to be due for unpaid wages, with interest; and

D. Award Plaintiff an equal amount in double damages/liquidated damages; and

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees;

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances; and

---

[1] *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011)
[2] *Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir. 1986)

G. Grant Plaintiff a Trial by Jury.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated 3-10-17

Respectfully submitted,

Jason S. Remer, Esq.
Florida Bar No.: 0165580
jremer@rgpattorneys.com
Brody M. Shulman, Esq.
Fla. Bar No.: 092044

**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

## NOTICE OF CONSENT TO BE A PARTY PLAINTIFF AND/OR JOIN

I, Benjamin E. Schrank, hereby consent, in accordance with 29 U.S.C. §216(b) of the Fair Labor Standards Act, to become a party plaintiff in this action against my employer, YES Hospitality, and to be represented by the attorneys of REMER & GEORGES-PIERRE, PLLC, Courthouse Tower, 44 West Flagler Street, Suite 2200, Miami, Florida 33130.

Sign Name: Benjamin E. Schrank            Date: Jul 22, 2016

Print Name: Benjamin E. Schrank

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA.

Case No. 2017-006048 CA-01

BENJAMIN SCHRANK
and other similarly situated
non-exempt employees,

    Plaintiff(s),

vs.

YES HOSPITALITY, LLC
a Florida Limited Liability Company,
YES DREAM, LLC
a Foreign Limited Liability Company and
RALPH PAGANO, Individually.

    Defendant (s).

DATE: 4.24     TIME: 2:50A
INITIALS: RC     ID #: 755

_____/

**SUMMONS IN A CIVIL CASE**

TO: RALPH PAGANO

1111 COLLINS AVENUE
Miami, FL 33139

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY

    JASON S. REMER, ESQ.
    REMER & GEORGES-PIERRE, PLLC.
    44 WEST FLAGLER STREET
    SUITE 2200
    MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

CLERK    ROMERT OCASIO      DATE    MAR 2 8 2017
(BY) DEPUTY CLERK

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA.

Case No. 2017-086048-CA-01

BENJAMIN SCHRANK
and other similarly situated
non-exempt employees,

    Plaintiff(s),

vs.

YES HOSPITALITY, LLC
a Florida Limited Liability Company,
YES DREAM, LLC
a Foreign Limited Liability Company and
RALPH PAGANO, Individually.

    Defendant(s).

_____/

## SUMMONS IN A CIVIL CASE

TO: YES HOSPITALITY, LLC, through its Registered Agent:

RALPH R. PAGANO
1951 NW 7th Ave Suite 110
Miami, FL 33136

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

JASON S. REMER, ESQ.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET
SUITE 2200
MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

CLERK                          DATE    MAR 2 8 2017

(BY) DEPUTY CLERK    ROMERT OCASIO